**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | |
|---|---|
| LANCASTER COUNTY | : No. 48 MAL 2014 |
| | : |
| | : |
| | : |
| v. | : Petition for Allowance of Appeal from the |
| PENNSYLVANIA LABOR RELATIONS BOARD | : Order of the Commonwealth Court |
| | : |
| | : |
| | : |
| | : |
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO DISTRICT COUNCIL 89, | : |
| | : |
| | : |
| Intervenor | : |
| | : |
| | : |
| | : |
| | : |
| | : |
| PETITION OF: PENNSYLVANIA LABOR RELATIONS BOARD | : |

**ORDER**

**PER CURIAM**

 **AND NOW**, this 8th day of September, 2014, the Petition for Allowance of

Appeal is **GRANTED**.  The issues, as stated by Petitioner, are:

1. Did the Commonwealth Court err by <u>sua</u> <u>sponte</u> creating an issue regarding imputing knowledge of protected activities that was not raised in exceptions to the board, preserved in the petition for review, or factually involved in the case?

2. Did the Commonwealth Court err by reversing the board's inference of an unlawful discriminatory motive based on the totality of the circumstances, by making its own findings of fact and by analyzing the issue of pretext in a manner contrary to existing law?

3. Did the Commonwealth Court err in summarily reversing the board's affirmance of the hearing examiner's finding of a violation of Section 1201(a)(1) of PERA without affording the board a remand?